IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| SHANTE RENEE BAKER | § | |
| v. | § | CIVIL ACTION NO. 2:10cv143 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE

The Report and Recommendation ("R&R") of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the above-captioned case be dismissed with prejudice. Plaintiff has filed written objections. The Magistrate Judge's R&R addresses in detail each of the issues Plaintiff raised and argued in her petition. However, in her objections, Plaintiff does not actually address any finding in the Magistrate Judge's R&R and barely mentions it. Instead, she focuses entirely on the underlying decision of the Administrative Law Judge ("ALJ"), which was the subject of her original petition. She now raises a single issue, that the ALJ failed to develop the record in her case when he determined that she is not disabled. Specifically, she contends that the ALJ did not ask sufficiently "detailed and relevant questions" and should have ordered more clinical examinations. Objections at 12-13. This argument is not raised in Plaintiff's petition but is instead first argued for the first time in her objections to the Magistrate Judge's R&R. Therefore, the issue was not properly raised before this Court and need not be considered. *See Cupit v. Whitley,* 28 F.3d 532, 535 n. 5 (5th Cir.1994), *cert. denied,* 513 U.S. 1163,

115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995); *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir.1992); *Harrison v. Smith,* 82 Fed. Appx. 630, 631 (5th Cir.2003) (per curiam). Nonetheless, a review of the record shows that Plaintiff's new claim is without merit.

At an administrative hearing, the ALJ has a duty to develop the relevant facts fully and fairly. *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000); *Kane v. Heckler,* 731 F.2d 1216, 1219 (5th Cir.1984); 42 U.S.C. § 405(g). This duty to develop the record and explore the relevant facts is heightened when a claimant is not represented. *Id*. To succeed on a claim that the record was not adequately developed or that the hearing was otherwise deficient, however, a claimant must show prejudice resulting from the ALJ's actions. *Id*. In this case, the record shows that Plaintiff was represented at all times during the administrative hearing by her attorney, *see* Transcript ("Tr.") at 8; 24-40 (hearing transcript), who participated fully and proactively in the hearing. Therefore, the ALJ was under no heightened duty to develop the record. Plaintiff's counsel also denied any objections to the evidence of record, but to note to the ALJ that he had brought some additional school records from 2007 forward to the hearing, all of which was added to the record. Tr. at 24. Counsel never questioned the adequacy of the record nor raised any request that it be expanded or further developed. In fact, at the close of the hearing the ALJ explicitly asked if the school records was "the extent" that counsel was going to add ("scan in") to the evidence of record and counsel agreed that it was. Tr. at 39. In addition, the Court notes that both the ALJ and counsel asked a number of questions during the hearing and the ALJ's decision reflected his consideration of all of the evidence. Finally, the Court also observes that Plaintiff was referred to consultative examiners to develop the existing record. *See* Tr. at 148-51 (psychological examination) and 152-53 (physical examination). Further, as the physical examiner noted, Plaintiff was also being evaluated by x-ray

for her possible "small amount of scoliosis." Tr. at 153. The ALJ had no reason to further develop the record and Plaintiff cannot show she was prejudiced by his findings.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that the complaint is hereby **DISMISSED** with **PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

SIGNED this 12th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE